UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JAHMARI R.,

                Plaintiff,

v.                                         1:20-CV-0935
                                         (WBC)

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
_____

APPEARANCES:                                  OF COUNSEL:

LAW OFFICES OF KENNETH HILLER, PLLC     CORINNE MANFREDI, ESQ.
  Counsel for Plaintiff                            KENNETH HILLER, ESQ.
6000 North Bailey Ave, Ste. 1A
Amherst, NY 14226

U.S. SOCIAL SECURITY ADMIN.             KATHRYN POLLACK, ESQ.
OFFICE OF REG'L GEN. COUNSEL – REGION II
  Counsel for Defendant
26 Federal Plaza – Room 3904
New York, NY 10278

William B. Mitchell Carter, U.S. Magistrate Judge,

## MEMORANDUM-DECISION and ORDER

       The parties consented, in accordance with a Standing Order, to proceed before

the undersigned.  (Dkt. No. 19.)  The court has jurisdiction over this matter pursuant

to 42 U.S.C. § 405(g).  The matter is presently before the court on the parties' cross-

motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of

Civil Procedure.  For the reasons discussed below, Plaintiff's motion is denied, and the

Commissioner's motion is granted.

## I.      RELEVANT BACKGROUND

### A.    Factual Background

Plaintiff was born in 1996.  (T. 405.)  He completed the 10th grade.  (T. 480.)

Generally, Plaintiff's alleged disability consists lower extremity injury, anxiety, and post-

traumatic stress disorder ("PTSD").  (T. 479.)  His alleged disability onset date is

February 2, 2016.  (T. 405.)

### B.    Procedural History

On February 6, 2017, Plaintiff applied for Supplemental Security Income ("SSI")

under Title XVI of the Social Security Act.  (T. 405.)  Plaintiff's application was initially

denied, after which he timely requested a hearing before an Administrative Law Judge

("the ALJ").  On March 27, 2019, Plaintiff appeared before the ALJ, Stephan Bell.  (T.

336-364.)  On May 8, 2019, ALJ Bell issued a written decision finding Plaintiff not

disabled under the Social Security Act.  (T. 315-335.)  On May 22, 2020, the Appeals

Council ("AC") denied Plaintiff's request for review, rendering the ALJ's decision the

final decision of the Commissioner.  (T. 1-7.)  Thereafter, Plaintiff timely sought judicial

review in this Court.

### C.    The ALJ's Decision

Generally, in his decision, the ALJ made the following five findings of fact and

conclusions of law.  (T. 320-331.)  First, the ALJ found Plaintiff had not engaged in

substantial gainful activity since February 6, 2017.  (T. 320.)  Second, the ALJ found

Plaintiff had the severe impairments of: cannabis use disorder, alcohol use disorder,

PTSD, major depressive disorder, generalized anxiety disorder, and status-post

gunshot wounds to the bilateral lower extremities.  (T. 321.)  Third, the ALJ found

Plaintiff did not have an impairment that meets or medically equals one of the listed

impairments located in 20 C.F.R. Part 404, Subpart P, Appendix. 1.  (*Id*.)  Fourth, the

ALJ found Plaintiff had the residual functional capacity ("RFC") to perform sedentary

work as defined in 20 C.F.R. § 416.967(a) with additional limitations.  (T. 323-324.)[1]

The ALJ found Plaintiff could frequently climb ramps and stairs but occasionally climb

ladders, ropes, or scaffolds.  (T. 323.)  The ALJ found Plaintiff could frequently stoop,

knee, crouch, and crawl.  (*Id*.)  The ALJ found Plaintiff could occasionally work at

unprotected heights, around moving mechanical parts, and operate a motor vehicle as a

job duty.  (*Id*.)  The ALJ found Plaintiff could have occasional exposure to vibration.

(*Id*.)  The ALJ found Plaintiff could perform simple, routine and repetitive tasks, and

make simple work-related decisions.  (T. 323-324.)  The ALJ found Plaintiff could have

occasional interaction with supervisors and coworkers but never interact with the public.

(T. 324.)  Fifth, the ALJ determined Plaintiff had no past relevant work; however, there

were jobs that existed in significant numbers in the national economy Plaintiff could

perform.  (T. 329-331.)

## II.    THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A.    Plaintiff's Arguments

Plaintiff makes one argument in support of his motion for judgment on the

pleadings.  Plaintiff argues the RFC determination is a product of the ALJ's lay

judgement and is not supported by substantial evidence.  (Dkt. No. 14 at 8-17.)

### B.    Defendant's Arguments

---

[1]     Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.  20 C.F.R. § 416.967(a).

In response, Defendant makes one argument.  Defendant argues the ALJ properly evaluated the medical and other evidence of record in determining Plaintiff could perform a range of simple, routine work with limited social interaction.  (Dkt. No. 17 at 11-20.)

## III.    RELEVANT LEGAL STANDARD

### A.    Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled.  *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990).  Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence.  *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971).  Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld.  *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

### B.    Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. *See* 20 C.F.R. § 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *See Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987). The five-step process is as follows:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a 'residual functional capacity' assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014).

## IV.   ANALYSIS

Plaintiff argues the ALJ's mental RFC determination regarding his ability to interact with others and deal with stress was improper and not supported by substantial evidence in the record.  (Dkt. No. 14 at 8-17.)  Further, Plaintiff argues the ALJ misstated the opinion provided by consultative examiner, Todd Deneen, Psy.D. and relied on this misstatement when formulating the RFC.  (*Id.* at 8.)  Neither party disputes the ALJ's physical RFC determination; therefore, for ease of analysis only the relevant part of the ALJ's RFC determination will be discussed.  For the reasons outlined below, the ALJ's mental RFC was proper and supported by substantial evidence in the record.

In general, the RFC is an assessment of "the most [Plaintiff] can still do despite [his] limitations."  20 C.F.R. § 416.945(a)(1)[2].  The ALJ is responsible for assessing Plaintiff's RFC based on a review of relevant medical and non-medical evidence, including any statement about what Plaintiff can still do, provided by any medical sources.  *Id.* §§ 416.927(d), 416.945(a)(3), 416.946(c).  Although the ALJ has the responsibility to determine the RFC based on all the evidence in the record, the burden is on Plaintiff to demonstrate functional limitations that preclude any substantial gainful activity.  *Id.* §§ 416.912(c), 416.927(e)(2), 416.945(a), 416.946(c).

The record contains two medical opinions from consultative medical sources regarding Plaintiff's ability to perform the mental demands of work.  On May 26, 2017,

---

[2]    Effective March 27, 2017, many of the regulations cited herein have been amended, as have Social Security Rulings ("SSRs").  Nonetheless, because Plaintiff's social security application was filed before the new regulations and SSRs went into effect, the court reviews the ALJ's decision under the earlier regulations and SSRs.

Dr. Deneen examined Plaintiff and provided a medical source statement.  (T. 758-763.) Dr. Deneen opined Plaintiff had mild limitations in his ability to understand, remember, and apply simple directions and instructions, sustain concentration, perform a task at a consistent pace, and sustain an ordinary routine and regular work attendance.  (T. 762.) He further opined Plaintiff had moderate limitations in his ability to understand, remember, and apply complex directions and instructions, use reason and judgment to make work-related decisions, interact adequately with supervisors, coworkers, and the public, regulate emotions, control behavior, and maintain well-being.  (*Id*.)

On May 31, 2017, non-examining psychological consultant, Dr. Marks, reviewed the evidence within the file and opined Plaintiff was moderately limited in multiple functional areas, and he could understand and remember instructions and procedures, could maintain adequate attention to complete ordinary work tasks on an ongoing basis, was able to independently sustain a routine over time, had some difficulties in interacting with others, could function in a work environment with minimal contact with people, and had some difficulty coping with stress, which might impact his ability to adapt to changes, but he retained the capacity to deal with minor changes in an ordinary work setting.  (T. 402.)

The ALJ afforded partial weight to Dr. Deneen's opinion.  (T. 328.)  To be sure, as noted by Plaintiff and outlined below, the ALJ misquoted Dr. Deneen's opined limitations.  (Dkt. No. 14 at 10.)  However, although the ALJ misquoted Dr. Deneen's opined limitations in his step four analysis, the remainder of the ALJ's written decision contains an accurate summary of the doctor's opinion and the ALJ's error did not harm Plaintiff.

In weighing the medical opinion evidence in the record, the ALJ incorrectly stated Dr. Deneen opined Plaintiff was capable of simple, unskilled work, performing complex tasks and learning new tasks, maintaining attention and making appropriate decisions "without limitation, but not significant enough to interfere with mental functioning on a daily basis."  (T. 328.)  As outlined above, Dr. Deneen stated Plaintiff had moderate limitations in those areas of mental functioning.  However, the ALJ went on to correctly state, "the opinion is internally inconsistent, noting moderate level limitations in mental functioning, yet concluding these symptoms and limitations would not interfere with [Plaintiff's] daily functional abilities."  (*Id.*)  Therefore, despite initially misquoting the doctor's opinion, the ALJ proceeding with a proper citation.

In step two of his decision, the ALJ also outlined Dr. Deneen's opinion.  (T. 322.)  At step two the ALJ properly summarized the doctor's opinion, noting Plaintiff had mild limitations in performing simple tasks, applying directions and instructions, and moderate difficulties in interacting with others and performing complex tasks.  (T. 322.)  Therefore, although the ALJ misquoted Dr. Deneen's opinion, stating Plaintiff could perform certain mental functions "without limitations," the ALJ's subsequent sentence at step four and the ALJ's summary of the opinion at step two, remedied the error.

Further, any error would be harmless because the ALJ ultimately determined Plaintiff had greater limitations than opined by the consultative examiner.  *Riederer v. Comm'r of Soc. Sec.*, 464 F. Supp. 3d 499, 505-506 (W.D.N.Y. 2020) (ALJ did not substitute lay opinion for medical opinion where the ALJ found greater limitations); *see Beckles v. Comm'r of Soc. Sec.*, No. 18-CV-321P, 2019 WL 4140936, at *5 (W.D.N.Y. Aug. 30, 2019) ("Here, the ALJ did not completely reject [the consultative examiner's]

medical opinion; rather, she incorporated [the consultative examiner's] assessed limitations and also included greater limitations than opined by [the consultative examiner].").

The ALJ concluded although Plaintiff was "not as limited as [he] alleged, the totality of the evidence given [Plaintiff's] mental conditions support greater limitations than opined [by Dr. Deneen] consistent with severe PTSD warranting non-exertional limitations."  (T. 328.)  Therefore, the ALJ's error in misquoting Dr. Deneen's opinion was corrected by the ALJ and any error would be harmless because the ALJ ultimately determined Plaintiff had greater limitations than opined by the doctor.

Next, Plaintiff asserts "it is not clear how the ALJ came to the conclusion that Plaintiff can have no public contact but is still capable of having an occasional level of coworker and supervisory contact."  (Dkt. No. 14 at 12.)  However, the ALJ's social limitations are supported by substantial evidence in the record and the ALJ provided sufficient reasoning to support the limitations.

In formulating the RFC, the ALJ relied on the medical opinion provided by non-examining State agency medical examiner, Dr. Marks affording his opinion significant weight.  (T. 328.)  Dr. Marks opined Plaintiff "has some difficulties interacting with others but could function in a work environment with minimal contact with people."  (T. 402.)  The ALJ's determination is further supported by Dr. Deneen's opinion Plaintiff had moderate limitations in his ability to interact adequately with supervisors, coworkers, and the public.  (T. 762); *see Coleman v. Comm'r of Soc. Sec.*, 335 F. Supp. 3d 389, 400 (W.D.N.Y. 2018) (ALJ's mental RFC limiting plaintiff to simple routine work properly

accounted for opinions plaintiff had moderate limitations in various areas of mental functioning).

The ALJ considered Plaintiff's reported difficulty getting along with others.  (T. 322, 324.)  However, the ALJ relied on objective evidence in record evidence which indicated Plaintiff displayed normal behavior and was cooperative.  (T. 322.)  For example, the ALJ relied on Dr. Deneen's observation that Plaintiff was cooperative and had moderate difficulties interacting with others.  (*Id*.)

The ALJ also considered Plaintiff's reports to providers.  The ALJ noted Plaintiff reported to a provider that he missed a day of work due to probation and was on "good terms."  (T. 325, 908.)  Indeed, Plaintiff reports to providers indicate he worked during the relevant time period and his mental health impairments did not prohibit work related social interaction.  He reported working overnight at a convenience store and found "the women there to be of interest."  (T. 893.)  He reported acting aggressive "in the community" but not in treatment facilities or at work.  (T. 900.)  In other reports, Plaintiff stated he wanted additional hours at work (T. 919, 927), would "have lost [his] mind" if not working (T. 922), enjoyed being able to meet and socialize with others (T. 922), and connected his improved mood with involvement in work (T.925).  Plaintiff ultimately stopped work at the convenience store due to being held up at gunpoint.  (T. 961.)  Plaintiff reported he stopped working at other places of employment because he "got tired of it" and because of "leg pain."  (T. 901.)  Therefore, the ALJ's social limitations were supported by the medical opinions of Drs. Marks and Deneen, objective observations in the record, and Plaintiff's reports to providers.

Plaintiff next argues the ALJ failed to address or discuss Plaintiff's ability to deal with stress despite affording Dr. Marks's opinion significant weight.  (Dkt. No. 14 at 14.) Dr. Marks opined Plaintiff "has some difficulty coping with stress."  (T. 402.)  The ALJ's RFC for simple, routine, repetitive tasks with limited social contact accounts for Dr. Mark's opined limitation.

First, contrary to Plaintiff's assertion, a finding of up to moderate limitations in mental functioning does not preclude the ability to perform unskilled work.  As noted above, Dr. Marks opined Plaintiff would have "some difficulty" with stress and Dr. Deneen opined Plaintiff had moderate limitations regulating his emotions, controlling behavior, and maintaining wellbeing.  (T. 402, 762.)  The Second Circuit has held that moderate limitations in work related functioning does not significantly limit, and thus prevent, a plaintiff from performing unskilled work.  *Zabala v. Astrue*, 595 F.3d 402, 410 (2d Cir. 2010) ("None of the clinicians who examined [plaintiff] indicated that she had anything more than moderate limitations in her work-related functioning, and most reported less severe limitations."); *see McIntyre v. Colvin*, 758 F.3d 146, 152 (2d Cir. 2014) (failure to incorporate limitations in a hypothetical is harmless error if the evidence demonstrates plaintiff can engage in simple, routine tasks or unskilled work despite limitations or the hypothetical otherwise implicitly accounted for plaintiff's non-exertional limitations); *see Whipple v. Astrue*, 479 F. App'x. 367, 370 (2d Cir. 2012) (consultative examiners' findings that plaintiff's depression caused moderate limitations in social functioning ultimately supported the ALJ's determination that plaintiff was capable of performing work that involved simple tasks and allowed for a low-stress environment).

Therefore, an opinion of a moderate limitation in the ability to deal with stress did not prevent Plaintiff in performing the demands of unskilled work.

Second, the RFC limiting Plaintiff to simple, routine, repetitive work properly accounts for any moderate limitations in Plaintiff's ability to deal with stress. *See Coleman v. Comm'r of Soc. Sec.*, 335 F. Supp. 3d 389, 400 (W.D.N.Y. 2018) (ALJ's mental RFC limiting plaintiff to simple routine work properly accounted for opinions plaintiff had moderate limitations in various areas of mental functioning); *see Cowley v. Berryhill*, 312 F. Supp. 3d 381, 384 (W.D.N.Y. 2018) (RFC for unskilled work accounted for moderate limitations with respect to stress); *see Tatelman v. Colvin*, 296 F. Supp. 3d 608, 613 (W.D.N. Y. 2017) ("it is well-settled that a limitation to unskilled work ... sufficiently accounts for limitations relating to stress and production pace"); *Washburn v. Colvin*, 286 F. Supp. 3d 561, 566 (W.D.N.Y. 2017), *appeal dismissed* (Mar. 30, 2018) ("It is well settled that a limitation to unskilled work sufficiently accounts for moderate limitations in work-related functioning.").

Lastly, although Dr. Marks opined Plaintiff had "some difficulty coping with stress," he nonetheless opined Plaintiff retained the capacity to "deal with minor changes in an ordinary work setting," and he ultimately opined Plaintiff was capable of simple, routine, repetitive work.  (T. 401-402.)  In addition, Dr. Deneen opined Plaintiff had mild limitations in understanding, remembering, and applying simple directions and instructions.  (T. 762.)  An RFC for simple routine work is not inherently inconsistent with limitations in a plaintiff's ability to deal with stress, or other specific areas of mental functioning, particularly where the source who provided such limitations ultimately opined the plaintiff is capable of performing simple, routine, repetitive work.  *See Wright*

*v. Berryhill*, 687 F. App'x 45, 48-49 (2d Cir. 2017) (although consultative examiner opined plaintiff had mild to moderate limitations appropriately dealing with stress, he was nonetheless able to perform simple, routine work and therefore the court could not conclude "a reasonable factfinder would have to conclude" that plaintiff lacked the ability to perform the ALJ's mental RFC) (*citing Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d. Cir. 2012)).

Therefore, contrary to Plaintiff's assertion, the ALJ properly accounted for Plaintiff's ability to deal with stress.  The ALJ relied on the record as a whole, including medical opinions, and the doctors' opined limitations are reflected in the RFC limiting Plaintiff to unskilled work with additional social limitations.

Overall, Plaintiff may disagree with the ALJ's conclusion; however, the Court must "defer to the Commissioner's resolution of conflicting evidence" and reject the ALJ's findings "only if a reasonable factfinder would have to conclude otherwise." *Morris v. Berryhill*, 721 F. App'x 29 (2d Cir. 2018) (internal citations and quotations omitted); *Krull v. Colvin*, 669 F. App'x 31 (2d Cir. 2016) (the deferential standard of review prevents a court from reweighing evidence).  As long as substantial record evidence supports the ALJ's determination of the facts, the Court must defer to the ALJ's decision.  *See Davila-Marrero v. Apfel*, 4 F. App'x 45, 46 (2d Cir. 2001) (citing *Alston v. Sullivan*, 904 F.2d 122, 126 (2d Cir. 1990)).  As the Supreme Court stated, "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high."  *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154, 203 L. Ed. 2d 504 (2019).

**ACCORDINGLY**, it is

      **ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 14) is

**DENIED**; and it is further

      **ORDERED** that Defendant's motion for judgment on the pleadings (Dkt. No. 17)

is **GRANTED**; and it is further

      **ORDERED** that Defendant's unfavorable determination is **AFFIRMED**; and it is

further

      **ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED**.

Dated:      March 24, 2022

                                  William B. Mitchell Carter
                                  U.S. Magistrate Judge